## APPEAL OF THE SCHLEMMER & GRABER CO.

Docket No. 1422.    Submitted May 14, 1925.    Decided October 12, 1925.

Upon the evidence, *held*, that the taxpayer did not have taxable net income in excess of that originally returned for the taxable years 1919 and 1920.

*Wendell Herbruck, Esq.*, for the taxpayer.
*F. O. Graves, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, and TRUSSELL.

This is an appeal from the determination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amounts, respectively, of $1,119.26 and $6,859.34, a total of $7,978.60.

### FINDINGS OF FACT.

The taxpayer, during the taxable years in question, was an Ohio corporation with its principal office in the City of Canton, where it was engaged in the sale of automobiles and motor trucks.

In connection with the business so carried on, the taxpayer regularly accepted in part payment for automobiles and motor trucks second-hand or used automobiles and trucks. Where such exchanges took place, the taxpayer entered in gross sales the entire gross sales price of the automobiles and trucks sold, charging against such sales the cash and accounts receivable received, and balancing the account by placing the difference as the value of the second-hand machines received in exchange. Thereafter, at the close of each year, the taxpayer included in inventory the second-hand automobiles, trucks, and parts then remaining on hand at the valuation placed thereon at the time of their acquisition.

The books of the taxpayer were at all times kept on a fictitious and inflated basis, with the intent on the part of the manager of the business to deceive its stockholders and other officers and to show profits which had not been realized. The said books did not in the years in question truly reflect the income of the taxpayer.

The Commissioner determined the net income of the taxpayer for the year 1919 by adding to the income reported by it an improper

deduction on account of good will written off in the amount of $3,379.02. The Commissioner determined the net income of the taxpayer for the year 1920 by assuming that there was no surplus at the beginning of that year and reconciling to a surplus shown by the balance sheets submitted with the returns as of the close of the year in the amount of $24,093.12, determining a net taxable income of $24,346.40. No field examination of the taxpayer's books appears to have been made.

### DECISION.

The deficiencies determined by the Commissioner are disallowed.

### OPINION.

JAMES: The method used by the Commissioner in determining the taxpayer's net income for the year 1920 has been the subject of consideration by the Board in the *Appeal of Bruce & Human Drug Co.*, 1 B. T. A. 342; and *Appeal of Gaukler & Stewart*, 1 B. T. A. 578, in which we have said that mere reconcilements of surplus, unsupported by proof of the correctness of the books and the balance sheets derived therefrom, are not determinative of net income. In the instant appeal, the Commissioner, after finding the net income for 1919 of $7,912.29 and showing no distribution thereof, starts the reconcilement of surplus for 1920 with no surplus at the beginning of that year. There is nothing in the record to support such a method, but, on the contrary, the testimony before the Board is entirely to the effect that the books of the taxpayer were so kept as to be virtually worthless for the purpose of determining net income.

It is also in evidence that, when the manager of the taxpayer's business was finally discharged, the business was found to be hopelessly involved, and was liquidated with the loss not only of the investment of the stockholders therein but heavy personal losses in addition, resulting from the voluntary assumption of its debts by its principal stockholders. Upon the entire record, we are of the opinion that the taxpayer had no net income in either year, and that the deficiencies determined by the Commissioner are erroneous and should be disallowed.